UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

                            Plaintiff,

v.

WATERVLIET HOUS. AUTH.; JOHN
MCAVOY, Jr.; JAMI BODO; JEAN
KNIGHT; REGINA WARNER;
MATTHEW J. ETHIER; CRIMINAL
HISTORY RECORD SEARCH; NEW
YORK STATE UNIFIED COURT SYS.;
JANE HAYES; and PAUL MURPHY,

                            Defendants.

5:22-CV-0389
(GLS/ML)

---

APPEARANCES:

ROBERT W. JOHNSON
  Plaintiff, *Pro Se*
112 Court Street, Apartment 2
Watertown, New York 13601

OF COUNSEL:

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      Presently before the Court is a Complaint filed by *pro se* plaintiff Robert W. Johnson ("Plaintiff") together with an application to proceed *in forma pauperis* and a motion for appointment of counsel. (Dkt. Nos. 1, 2, 3.)[1] For the reasons set forth below, Plaintiff's IFP

---

[1] The Court is aware of fifty-five other civil actions filed by Plaintiff in April and May of 2022: (1) *Johnson v. Rodeway Inn Syracuse*, No. 5:22-CV-0396 (GLS/ML); (2) *Johnson v. Days Inn by Wyndham Syracuse*, No. 5:22-CV-0403 (GLS/ML); (3) *Johnson v. Am. Best Value Inn*, No. 5:22-CV-0404 (GLS/ML); (4) *Johnson v. Extended Stay Am. Inc.*, No. 5:22-CV-0405 (GLS/ML); (5) *Johnson v. Red Roof Inn # 157*, No. 5:22-CV-0406 (GLS/ML); (6) *Johnson v.*

application is granted, Plaintiff's motion for appointment of counsel is denied without prejudice, and I recommend that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

*Doubletree by Hilton Syracuse*, No. 5:22-CV-0407 (GLS/ML); (7) *Johnson v. Executive East Syracuse Hotel, LLC*, No. 5:22-CV-0408 (GLS/ML); (8) *Johnson v. Best Western PLUS*, No. 5:22-CV-0409 (GLS/ML); (9) *Johnson v. Motel 6*, No. 5:22-CV-0410 (GLS/ML); (10) *Johnson v. Candlewood Suites East Syracuse*, No. 5:22-CV-0411 (GLS/ML); (11) *Johnson v. Springhill Suites Syracuse Carrier Circle*, No. 5:22-CV-0412 (GLS/ML); (12) *Johnson v. Ramada by Wyndham East Syracuse Carrier Circle*, No. 5:22-CV-0413 (GLS/ML); (13) *Johnson v. Embassy Suites by Hilton*, No. 5:22-CV-0414 (GLS/ML); (14) *Johnson v. Cresthill Suites*, No. 5:22-CV-0415 (GLS/ML); (15) *Johnson v. Residence Inn*, No. 5:22-CV-0416 (GLS/ML); (16) *Johnson v. Home Town Inn By Red Roof*, No. 5:22-CV-0417 (GLS/ML); (17) *Johnson v. Fairfield by Marriott Syracuse Carrier Circle*, No. 5:22-CV-0418 (GLS/ML); (18) *Johnson v. Hampton Inn & Suites Syracuse/Carrier Circle*, No. 5:22-CV-0419 (GLS/ML); (19) *Johnson v. Marriott Syracuse Downtown*, No. 5:22-CV-0420 (GLS/ML); (20) *Johnson v. Comfort Inn Syracuse-Carrier Circle*, No. 5:22-CV-0421 (GLS/ML); (21) *Johnson v. Jefferson*, No. 5:22-CV-0424 (GLS/ML); (22) *Johnson v. Alex*, No. 5:22-CV-0425 (TJM/ATB); (23) *Johnson v. Aaron*, No. 5:22-CV-0426 (BKS/ATB); (24) *Johnson v. Russo*, No. 5:22-CV-0439 (GTS/TWD); (25) *Johnson v. Rushow Enter.*, No. 5:22-CV-0440 (GTS/TWD); (26) *Johnson v. Monro Muffler Brake & Serv.*, No. 5:22-CV-0441 (GTS/TWD); (27) *Johnson v. Rosetti*, No. 5:22-CV-0442 (GTS/TWD); (28) *Johnson v. United States Postal Serv.*, No. 5:22-CV-0443 (GTS/TWD); (29) *Johnson v. Gibson, McAskill & Crosby, LLP* No. 5:22-CV-0444 (GTS/TWD); (30) *Johnson v. Trustage*, No. 5:22-CV-0445 (GTS/TWD); (31) *Johnson v. Bond, Schoeneck & King LLC*, No. 5:22-CV-0446 (GTS/TWD); (32) *Johnson v. EmPro*, No. 5:22-CV-0447 (GTS/TWD); (33) *Johnson v. Bitrategaming*, No. 5:22-CV-0448 (GTS/TWD); (34) *Johnson v. New York State Div. of Human Rights*, No. 5:22-CV-0449 (GTS/TWD); (35) *Johnson v. Synchrony Bank*, No. 5:22-CV-0450 (GTS/TWD); (36) *Johnson v. Vera House*, No. 5:22-CV-0451 (GTS/TWD); (37) *Johnson v. Black River Apartments*, No. 5:22-CV-0452 (GTS/TWD); (38) *Johnson v. Human Resources Admin. of Dep't of Homeless Servs.*, No. 5:22-CV-0453 (GTS/TWD); (39) *Johnson v. Jefferson Cnty. DSS*, 5:22-CV-0454 (GTS/TWD); (40) *Johnson v. Gibbs*, No. 5:22-CV-0455 (GTS/TWD); (41) *Johnson v. Schenectady Cnty. EFCU*, No. 5:22-CV-0456 (GTS/TWD); (42) *Johnson v. ESIS, Inc.*, No. 5:22-CV-0457 (GTS/TWD); (43) *Johnson v. McMahon*, No. 5:22-CV-0463 (MAD/TWD); (44) *Johnson v. Rusin*, No. 5:22-CV-0464 (MAD/TWD); (45) *Johnson v. Powell*, No. 5:22-CV-0465 (MAD/TWD); (46) *Johnson v. New York State Div. of Human Rights*, No. 5:22-CV-0466 (MAD/TWD); (47) *Johnson v. Vera House, Inc.*, No. 5:22-CV-0467 (MAD/TWD); (48) *Johnson v. Ault*, No. 5:22-CV-0474 (LEK/ATB); (49) *Johnson v. Richland Cnty. Jail*, No. 9:22-CV-0475 (TJM/ML); (50) *Johnson v. Courtyard Syracuse Downtown at Armory Square*, No. 5:22-CV-0511 (DNH/ATB); (51) *Johnson v. Quality Inn & Suites Downtown*, No. 5:22-CV-0512 (DNH/ATB); (52) *Johnson v. Springhill Suites Cleveland Independence*, No. 5:22-CV-0513 (DNH/ATB); (53) *Johnson v. Courtyard Erie Bayfront*, No. 5:22-CV-0514 (DNH/ATB); (54) *Johnson v. Springhill Suite Syracuse Carrier Circle*, No. 5:22-CV-0527 (DNH/ATB); and (55) *Johnson v. Embassy Suites by Hilton*, No. 5:22-CV-0531 (DNH/ATB).

I.  **BACKGROUND**

On April 26, 2022, Plaintiff commenced this action by filing a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983, against Defendants Watervliet Housing Authority, John McAvoy, Jr., Jami Bodo, Jean Knight, Regina Warner, Matthew J. Ethier, Criminal History Record Search, New York State Unified Court System, Jane Hayes, and Paul Murphy (collectively "Defendants"). (Dkt. No. 1.)

The Complaint alleges that Defendants denied Plaintiff housing due to alleged criminal convictions that he was falsely convicted of. (Dkt. No. 1.) Plaintiff alleges that his criminal charges are "pending reversal" but that Defendants "Criminal History Record Search & New York State Unified Court System documented [the] frivolous charges." (*Id*. at 6.) Attached to the Complaint is a letter dated January 7, 2022, addressed to Plaintiff, on Defendant Watervliet Housing Authority's letterhead and signed by Defendant Ethier. (*Id*. at 7.) The letter indicates that Plaintiff was "deemed ineligible as a potential tenant" because he was untruthful on his application when he stated that he has never been convicted of a crime other than a minor traffic violation. (*Id*. at 7.) Also attached to the Complaint is—what appears to be—an e-mail that includes a bill to Defendant Watervliet Housing Authority and Plaintiff's criminal history. (*Id*. at 8-10.) Plaintiff's criminal history record reflects convictions of criminal possession of a weapon in the third degree, attempted assault in the first degree, and attempted criminal possession of a controlled substance in the fifth degree. (*Id*.)

Based on these factual allegations, the Complaint appears to assert the following two causes of action: (1) a claim that Defendants violated Plaintiff's due process rights pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; and (2) a claim that Plaintiff was

discriminated against by Defendants pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. (*Id*. at 6.)

As relief, Plaintiff seeks $100,000,000.00 in punitive damages, "100% ownership of corporation," "whistleblower," a public apology, and all other relief that is deemed just and proper. (*Id*. at 11.)

## II.   PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

---

[2]    The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

### III.   LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. 28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure.  More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A.   Claims Against New York State Unified Court System

New York State is immune from suits pursuant to 42 U.S.C. § 1983 seeking either legal or equitable relief, under the Eleventh Amendment. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984); *see Ognibene v. Niagara Cnty. Sheriff's Dep't*, 03-CV-0678E, 2003 WL 2443989, at *3 (W.D.N.Y.

Dec. 1, 2003) ("To the extent the plaintiff names various state courts as defendants and seeks either legal or equitable relief against them under § 1983, they are immune from such suit under the Eleventh Amendment."). As an agency or arm of the State of New York, the court is immune from suit under the Eleventh Amendment. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *see also Mercado v. Town of Goshen*, 20-CV-5399, 2020 WL 5210949, at *3 (S.D.N.Y. Aug. 28, 2020) ("Plaintiff sues the 'Orange County Court,' which is part of the New York State Unified Court System. The Court therefore dismisses Plaintiff's § 1983 claims against this Defendant under the doctrine of Eleventh Amendment immunity and because these claims are frivolous."); *Curto v. Palisades Collection, LLC*, 07-CV-529S, 2008 WL 11357852, at *4 (W.D.N.Y. Mar. 10, 2008) (dismissing the plaintiff's claims against the "New York State Unified Court System, 8th Judicial District Buffalo City Court" as barred by the Eleventh Amendment); *Saint-Fleur v. City of New York,* 99-CV-10433, 2000 WL 280328, *2 (S.D.N.Y., Mar. 14, 2000) (collecting cases) ("State courts, as arms of the State, are entitled to Eleventh Amendment immunity from suit in federal court."); *Fields v. Walthers,* 94-CV-1659, 1997 WL 204308 at *2 (N.D.N.Y. April 5, 1997) (Pooler, J.) ("For Eleventh Amendment purposes, governmental entities of the state that are considered 'arms of the state' receive Eleventh Amendment immunity.").

       As a result, I recommend that Plaintiff's claims against Defendant New York State Unified Court System be dismissed.

**B.     Due Process**

**1.     Procedural Due Process**

To successfully state a claim under Section 1983[4] for denial of due process, a plaintiff must establish both the existence of a protected liberty or property interest, and that he or she was deprived of that interest without being afforded sufficient process. *Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004) (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). Due process generally requires that the state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest. *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

To determine whether a plaintiff has a property interest, "a court must focus on the applicable statute, contract, or regulation that purports to establish the benefit." *Roth v. City of Syracuse*, 96 F. Supp. 2d 171, 177 (N.D.N.Y. 2000) (Mordue, J.) (citing *Martz v. Incorp. Vill. of Valley Stream*, 22 F.3d 26, 30 (2d Cir. 1994)). Courts have found the property interest well-settled where the plaintiff alleges that he was approved for assistance payments, which were

---

[4] A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, private parties are not state actors, and are not liable under § 1983. *Sykes*, 723 F.3d at 406 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citations omitted). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yartsky*, 457 U.S. 991, 1002 (1982)). It is not clear based on the allegations contained in the Complaint whether Defendant Watervliet Housing Authority is a governmental agency or a private entity.

allegedly terminated. *See Morales v. Related Mgmt. Co.*, 13-CV-8191, 2015 WL 7779297, at \*6 (S.D.N.Y. Dec. 2, 2015) (citing *Junior v. City of New York, Hous. Pres. and Dev. Corp.*, 12-CV-3846, 2013 WL 646464, at \*6 (S.D.N.Y. Jan. 18, 2013)).

However, here, Plaintiff's claim is based on Defendant Watervliet Housing Authority's rejection of his application based on his criminal history. "In other words, Plaintiff asserts a property interest in a specific apartment." *Morales*, 2015 WL 7779297, at \*6. The Complaint does not allege any statute, contract, or regulation that plausibly suggests Plaintiff's property interest in a rental from Defendant Watervliet Housing Authority.[5] *See Lowery v. Carter*, 07-CV-7684, 2010 WL 4449370, at \*3 (S.D.N.Y. Oct. 21, 2010) (finding that the complaint was "devoid of any fact suggesting that Plaintiffs possess a property interest entitling them access to [White Plains Housing Authority ("WPHA")]-owned properties. Similarly, the Complaint offers no facts indicating that Plaintiffs possess a protected liberty interest guaranteeing them access to WPHA-owned property" where the plaintiffs alleged that they were served with notices prohibiting them from entering WPHA-owned properties due to their criminal histories); *see also Morales*, 2015 WL 7779297, at \*6 (finding that the plaintiff failed to allege a property interest in a specific apartment where he alleged that the defendants rejected his application for an apartment, his claims concerned his "Section 8 assistance in connection with the HUD-VASH program," and the court found that under the law, "the owner of a rental housing unit is

---

[5] To the extent that Plaintiff was seeking an apartment through a public assistance program, courts have held that "[l]andlords remain free not to rent to voucher holders provided they do so on . . . legitimate, non-discriminatory grounds, such as an applicant's rental history or criminal history." *Bourbeau v. Jonathan Woodner Co.*, 549 F. Supp. 2d 78, 87 (D.D.C. 2008). In addition, 42 U.S.C. § 13661(c) explicitly permits owners of federally assisted housing to deny admission to criminal offenders. *Alexander v. Edgewood Mgmt. Corp.*, 2016 WL 5957673, at \*1 (D.D.C. July 25, 2016) (citing 42 U.S.C. § 13661(c)) ("Among these requirements is a federal law that authorizes public and assisted housing providers to deny an applicant admission to the subsidized housing based on certain criminal backgrounds.").

9

'responsible for screening of families on the basis of their tenancy histories,' which includes the payment of rent.").

Moreover, "even if Plaintiff had a property interest in [a specific rental] . . . he has pointed to no procedural deficiencies in the deprivation of that right." *Coley v. Brook Sharp Realty LLC*, 13-CV-7527, 2015 WL 5854015, at *5 (S.D.N.Y. Sept. 25, 2015).

As a result, I recommend that, to the extent Plaintiff sought to allege a procedural due process claim, it be dismissed for failure to state a claim upon which relief may be granted.

### 2. Substantive Due Process

The Due Process Clause of the Fourteenth Amendment has a substantive component that bars certain government actions "'regardless of the fairness of the procedures used to implement them.'" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). The Due Process Clause "generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1986). A substantive due process claim also faces an additional hurdle: the defendant's conduct must also be found to be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 848 n. 8. In determining whether conduct shocks the contemporary conscience, "conduct intended to injure in some way, unjustifiable by any government interest, is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 849. By contrast, "negligently inflicted harm is categorically beneath the threshold." *Id.* at 834.

To the extent that Plaintiff sought to allege a substantive due process claim, I recommend that it be dismissed because his allegations do not suggest any conduct that "rise[s] to the conscience-shocking level." *Id*. at 849.

### C.     Discrimination

To the extent that Plaintiff alleges a claim of discrimination under the Equal Protection Clause of the Fourteenth Amendment, he fails to allege that he is a member of any protected class that the discrimination is based on.  (*See generally* Dkt. No. 1.)

The Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  Essential to that protection is the guarantee that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  The Second Circuit has held that the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (emphasis and internal quotation marks omitted). Accordingly, "[t]o prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (citation omitted); *Brown v. City of Oneonta, New York*, 221 F.3d 329, 337 (2d Cir. 2000) (holding that, in order to state a race-based equal protection violation, "a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his race").

"[G]eneralized allegations do not make out an equal protection claim." *Sound Aircraft Servs., Inc. v. Town of E. Hampton*, 192 F.3d 329, 335 (2d Cir. 1999). "Well-pled facts showing that the plaintiff has been treated differently from others similarly situated" is "an essential component of such a claim[,] [and] [c]onclusory allegations of selective treatment are insufficient." *Abdur-Raheem v. Wenderlich*, 07-CV-6247, 2012 WL 5185605, at *1 (W.D.N.Y. Sept. 19, 2012) (internal quotation marks omitted), *report and recommendation adopted*, 2012 WL 5185191 (W.D.N.Y. Oct. 18, 2012); *see Miller v. Vermont Assocs. for Training and Dev.*, 20-CV-0178, 2021 WL 535816, at *2 (D. Vt. Feb. 12, 2021) ("To prove a violation of the Equal Protection Clause, . . . a plaintiff must demonstrate that [s]he was treated differently than others similarly situated as a result of intentional or purposeful discrimination.") (alteration and omission in original) (quoting *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005)). The plaintiff also must show that this disparity in treatment "cannot survive the appropriate level of scrutiny" applicable to the alleged discrimination. *Phillips*, 408 F.2d at 129. To that end, a plaintiff pleading intentional discrimination based on race must allege one of three factual scenarios:

> [a] plaintiff could point to a law or policy that expressly classifies persons on the basis of race. Or, a plaintiff could identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner. A plaintiff could also allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus.

*Brown*, 221 F.3d at 337 (citations and internal quotation marks omitted); *see Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) ("In order to establish . . . a constitutional violation [under the Equal Protection Clause], [the plaintiff] would have to show that the [defendant] intentionally discriminated against her, either by adopting . . . racial animus policies which are facially neutral but have a racially discriminatory effect, or by applying a facially neutral policy in a racially discriminatory manner.").

The Complaint fails to allege facts plausibly suggesting any of these scenarios and does not allege facts to support a claim that Plaintiff was treated differently than others similarly situated as a result of intentional or purposeful discrimination. (*See generally* Dkt. No. 1.) In addition, Plaintiff offers no specific factual allegations to support any claim that Defendants' alleged actions were the result of discrimination based on Plaintiff's membership to a protected class. (*Id.*); *see Hollins v. South Burlington Police Dep't*, 18-CV-0151, 2020 WL 1033335, at *7 (D. Vt. Mar. 3, 2020) (holding that "[i]n the absence of further factual allegations, Plaintiff's bare allegation does not plausibly give rise to a claim of racially motivated discrimination" where the plaintiff alleged that the individual defendants "targeted" him because of "the color of his skin"); *Traylor v. Hammond*, 94 F. Supp. 3d 203, 215 (D. Conn. 2015) ("merely alleg[ing]" that the plaintiff is African-American, the defendant engaged in certain actions, and the defendant would not have engaged in those actions if the defendant were another race, "is not sufficient" to defeat a motion to dismiss); *Garzon v. Jofaz Transp., Inc.*, 11-CV-5599, 2013 WL 783088, at *3 (E.D.N.Y. Mar. 1, 2013) (where "the majority of [a] plaintiff's allegations do little more than cite to her mistreatment and ask the court to conclude that it must have been related to her race or gender, the allegations in the complaint do not plausibly give rise to a claim for discriminatory treatment."); *Drayton v. Toys 'R' Us Inc.*, 645 F. Supp. 2d 149, 161 (S.D.N.Y. 2009) (holding that plaintiff's "conclusory allegations" were insufficient to raise an inference of intentional discrimination, and explaining that the plaintiff could "not base his claim of racial discrimination on general racism in society" (internal quotation marks omitted)).

As a result, I recommend that Plaintiff's discrimination claim be dismissed for failure to state a claim upon which relief may be granted.[6]

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

---

[6] In the alternative, I recommend that Plaintiff's claims against Defendants McAvoy, Bodo, Knight, Warner, Criminal History Record Search, Hayes, and Murphy pursuant to 42 U.S.C. § 1983 be dismissed for failure to allege personal involvement. Although these Defendants are named in the caption, the body of Plaintiff's Complaint does not allege any facts related to these individuals. "[I]n order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Rasheen v. Adner*, 356 F. Supp.3d 222, 235 (N.D.N.Y. 2019) (Hurd, J.). "Indeed a complaint cannot be maintained against a defendant who is listed in the caption, but against whom no facts are alleged in the body of the complaint." *Guarneri v. Schenectady City Police*, 21-CV-0496, 2021 WL 5508276, at *2 (N.D.N.Y. Sept. 14, 2021) (Hummel, M.J.) (citing *Taylor v. City of New York*, 953 F. Supp. 95, 98-99 (S.D.N.Y. 1997)).

14

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants Watervliet Housing Authority, McAvoy, Bodo, Knight, Warner, Ethier, Criminal History Record Search, Hayes, and Murphy. Out of deference to Plaintiff's *pro se* status, I recommend that Plaintiff be granted leave to amend the Complaint with respect to those Defendants.

However, the defects with Plaintiff's claims against Defendant New York State Unified Court System are substantive, such that they could not be cured if afforded an opportunity to amend. As a result, I recommend that the Complaint against Defendant New York State Unified Court System be dismissed without leave to amend. *See Mercado*, 2020 WL 5210949, at *5 (finding that "[b]ecause the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint" where the plaintiff asserted claims against the "Orange County Court" which is part of the New York State Unified Court System); *Adames v. County of Suffolk Court*, 18-CV-4069, 2019 WL 2107261, at *4 (E.D.N.Y. May 14, 2019) (dismissing without leave to amend claims against the County of Suffolk Court because "the defects in Plaintiff's claims . . . are substantive and would not be cured if afforded an opportunity amend.").

---

[7] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

15

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

## VI. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 3.)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major

> proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action. As such, the Court cannot find that Plaintiff's claims are likely to be of substance. Plaintiff's motion (Dkt. No. 3) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED** without prejudice; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) against Defendants Watervliet Housing Authority, McAvoy, Bodo, Knight, Warner, Ethier, Criminal History Record Search, Hayes, and Murphy for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) against Defendant New York State Unified Court System because it seeks monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[8]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[9] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: May 31, 2022
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[8] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[9] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).